[No. 3,884.]

## JOHN TORMEY, PETER FAGAN, ISAAC LANKERSHIM AND GEORGE HICKSON *v.* JOHN PIERCE.

STRIKING NAMES FROM A COMPLAINT.—If, on the trial of an action of ejectment, where there are several plaintiffs, it appears that the evidence fails to show that a part of the plaintiffs have any title to the demanded premises, the Court may make an order striking from the complaint the names of such plaintiffs, and render judgment in favor of the remaining plaintiffs.

AMENDING COMPLAINT.—If an order is made by the Court striking names from the complaint, such order becomes a part of the judgment-roll, and it is not necessary to amend the complaint.

ORDER UNDER 68TH SECTION OF PRACTICE ACT.—An order of Court striking names from a complaint may be made without payment of costs. The Court may exercise its discretion in making it, and if there is no abuse of such discretion, the order will not be disturbed.

APPEAL from the District Court, Fifteenth Judicial District, County of Contra Costa.

This is the second appeal in this case. The case on the former appeal is reported in the 42 Cal. 336. On the second trial, it appeared that defendant Pierce had not oc-

cupied any of the demanded premises, except the southwest quarter of section fifteen. At the commencement of the trial, the plaintiffs' attorneys suggested the death of plaintiff Fagan, and asked that his executors, John and Patrick Tormey, be substituted as plaintiffs in his place. The Court made the order. The plaintiffs then introduced in evidence two patents issued by the United States, one to John Tormey, Peter Fagan and Isaac Lankershim, as tenants in common, conveying, along with other lands, the south half of the south-west quarter of section fifteen, and the other issued by the United States to R. C. Gillespie, H. O'Neil, J. Tormey, Patrick Fagan, I. Lankershim, D. Reese, and Patrick McKay, as tenants in common, conveying the north half of said quarter section. When the plaintiffs rested, as no title had been shown in the plaintiff Hickson, the plaintiffs' attorneys asked to discontinue as to Hickson, and the Court granted leave. After both parties had rested, as the plaintiff had not shown any title in Fagan or his executors, to the north half of said quarter section, the defendant asked for judgment in his favor for said north half, he having pleaded a misjoinder of plaintiffs. The plaintiffs then asked to dismiss as to Fagan and the executors representing him, and the Court ordered the action so dismissed. No amendment was made to the complaint. Judgment was then rendered in favor of the two other plaintiffs. The defendant appealed.

The other facts are stated in the opinion.

*M. A. Wheaton*, for the Appellant.

*Thomas A. Brown*, for the Respondents.

By the Court, CROCKETT, J.:

Section 68 of the Practice Act, in force when this action was tried, authorizes the Court, in furtherance of justice, to "amend any pleading or proceeding by adding or striking out the name of any party;" and there was no error in the order directing the names of two of the plaintiffs to be stricken from the complaint, nor did the order render it

necessary to file an amended complaint in the names of the two remaining plaintiffs. The order was entered in the minutes, and became a part of the judgment roll. (Practice Act, Sec. 203.) It therefore appeared on the face of the record in what manner two of the plaintiffs went out of the case, and why the action was thereafter prosecuted in the names of the other plaintiffs alone.

The point that by striking out the names of two of the plaintiffs, the cause of action was changed, is not tenable. The two remaining plaintiffs, as tenants in common, could maintain a joint action under our statute; and after the names of the other plaintiffs were stricken from the complaint, its averments were that the two remaining plaintiffs were jointly entitled to the possession. In legal effect, it was the same as before. There is nothing in the point that it was error to permit the amendment, except on payment of costs. Section 68 only requires that amendments by adding or striking out the name of a party shall be "on such terms as may be proper." The Court below was to exercise its discretion as to the terms, and we do not perceive that it abused its discretion.

Order and judgment affirmed. Remittitur forthwith.

Mr. Justice RHODES did not express an opinion.