GASPER vs. ADAMS and others.

In an action upon a promissory note the answer set up the defense of usury. On the trial before a referee the usury was proved, but there was a variance between the proof and the answer, as to the parties to the usurious contract. The referee having reported in favor of the plaintiff, and a judgment having been entered upon the report; *held* that leave to amend the answer, so as to make it conform to the facts proved, could not be granted, except upon the terms of the defendant consenting that the judgment should stand for the amount admitted to be due the plaintiff, with interest and costs.

Sections 169, 170 and 171 of the code relate to the course to be pursued *at the trial* when a variance is alleged, and not to the mode of proceeding after judgment, and when the defendant can only as a favor, ask for an amendment.

Section 173 was intended mainly, if not solely, to allow amendments in order *to sustain* a judgment; not for the purpose of reversing it.

APPEAL by the plaintiff from an order allowing an amendment of the defendants' answer, to conform it to the facts found by the referee, and ordering a new trial before the same referee. The action was upon a promissory note. The defense set up in the answer was usury. The usury was proved. There was a variance between the proof and the answer as to the parties to the usurious contract. The referee was of opinion that, as referee, he could not disregard the variance, nor could he allow the answer to be amended. He found the facts specially, and reported, on the above grounds, in favor of the plaintiff, upon which report judgment for the plaintiff was entered. The defendants moved, under section 173 of the code, for leave to conform the answer to the facts proved and found by the referee, and for such other relief consequent upon such amendment as the court might deem it proper to grant. Upon the hearing of the motion the court made an order allowing the defendants to amend their answer so as to conform it to the facts found by the referee, and opening the said judgment for the purpose of allowing such amendment, and granting a new trial before the referee, and continuing the judgment and execution as security until further order, but staying all proceedings thereon until such further order. The terms of the amendment were the payment of the costs, amounting to $87. From this order the plaintiff appealed.

Gasper *v.* Adams.

*E. & E. F. Brown*, for the plaintiff.

*C. A. Seward*, for the defendant.

*By the Court*, MITCHELL, P. J.  The defendant pleaded usury, and the referee before whom the cause was tried was of opinion that there was such a variance between the usury alleged in the answer and that proved that he must disregard it.  If he was wrong in this there was no need of any amendment, and the defendant's mode of relief should have been an appeal from the judgment entered on the referee's report.  It must be assumed, on this motion, that the referee was right.  The defendant moved to amend his answer, after the report was made by the referee, and judgment entered on the report.  The court below allowed such amendment to be made, and the judgment to be opened for that purpose, on the defendant's paying $87 as costs.

*Catlin* v. *Gunter*, (1 *Kernan*, 368,) holds that variances between the proof and the allegations are to be disregarded *at the trial*, as much in usury cases as in any others.  But that decision was there stated to be contrary to what the law formerly was, and to arise from the code, §§ 169, 170, 171.  Those sections relate to the course to be pursued *at the trial* when a variance is alleged, and not to the mode of proceeding after judgment, and when the defendant can only as a favor, ask for an amendment.  Section 173 applies to the last case.  It is that the court *may*, before or *after* judgment, in furtherance of justice and on such terms as may be proper, amend any pleading in certain cases, " or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."  This section was intended mainly (if not solely) to allow amendments so as to *sustain* a judgment ; not for the purpose of reversing it.(*a*)  But if it allows an amendment even in the last class of cases, it leaves it to the discretion of the court when to allow it and when not.  And that discretion is to be exercised in *furtherance of justice*, and on such terms as may be proper.  The language is, " the

(*a*) *Englis* v. *Furniss*, (3 *Ab. Rep*. 82.)

Gasper *v.* Adams.

court *may*," not as in section 169, "no variance *shall* be deemed material," nor as in section 171, "it shall not be deemed a case of variance."

The case of *Catlin* v. *Gunter* acknowledges that the law had not, prior to the code, deemed it in furtherance of justice to allow a party to defeat a recovery for the amount actually due, by the defense of usury, unless he made his allegations conform exactly to the proof, and changes that rule only as to trials. It also notices that in that case the defendant was not applying for an *indulgence* as he is here. The same distinction was recognized, in effect, in *Schermerhorn* v. *The American Trust and Banking Company*, decided in the court of appeals, during the last year.

In *Wager* v. *Stickle*, (3 *Paige*, 408,) the chancellor, after showing that a default was satisfactorily accounted for, and that it was a matter of course to permit the defendants to make the defense on *equitable terms*, added, "but as the order to take the bill as confessed is technically regular, they cannot be permitted to insist on any grounds of defense which are in the nature of a penalty or forfeiture. They will not, therefore, be let in to a defense of *usury*, so as to deprive the complainant of the amount actually due, with legal interest thereon." Here, too, the plaintiff is strictly regular, and the defendant asks a favor in the discretion of the court to give or refuse, but which, when granted in the exercise of that discretion, can be granted only "in furtherance of justice, and on such terms as may be proper." It would be clearly against all the ideas of justice as entertained by the chancellor, to allow this defense to a party asking a favor, on any other terms than such as are above stated.

The order should be modified, so that the motion be denied if, on the defendant consenting that judgment remain for the amount admitted to have been due, with interest thereon and costs, the plaintiff consents to modify the judgment accordingly. If the defendant does not consent, the motion to be denied absolutely. Neither party is to have costs on this appeal.

[NEW YORK GENERAL TERM, June 6, 1857. *Mitchell*, *Roosevelt* and *Peabody*, Justices.]