By the Court—Bosworth, Ch. J.
We understand that the Judge, at the trial, in holding that the question of usury did not arise in this case, decided, and intended to be understood as deciding, that such fact could not be proved under the pleadings; and that the plaintiffs for that reason could not claim any benefit from the proof given of it, in the progress of the trial.
This Court at General Term, affirmed both of these views. If the Court decided erroneously, the plaintiffs’ remedy by appeal is perfect.
It is only on the assumption that the decision is correct, and would be erroneous had the complaint been in the form in which it is now sought to make it, that it is of any importance to the1 plaintiffs, that the present motion should be granted.
For if granted, there will still remain a verdict against the plaintiffs as to three defendants, and a decision of the General Term that judgment be entered according to the verdict. Unless further relief, shall be sought in this Court upon a reargument, the plaintiffs’ only remedy, will be an appeal from the judgment of the General Term.
In this view, the only effect of the amendment would be, to make the judgment erroneous and reversible solely by reason of such amendment, notwithstanding the decisions at the trial, and subsequently at the General Term, were correct and according to law, as the pleadings stood when those decisions were made.
We are not aware of any decisions which hold it a proper exercise of discretion, or that the Court has the power to so amend the pleadings, after a trial and a review at the General Term of exceptions there taken, as to convert, merely by force of such amendment, a correct decision into an erroneous one, and an irreversible into a reversible judgment.
In Prindle v. Aldrich, (13 How., 466,) the plaintiff recovered at the trial, and the judgment was reversed, on the ground that the case as proved, differed in its entire scope and meaning from that alleged. The plaintiff then moved to amend his complaint by stating his case, as he had succeeded in proving it. The application was granted, on the plaintiff' paying all the costs of *677 the action, including the costs of the motion for a new trial, and $10 costs, of opposing the motion. The plaintiff could have discontinued, and brought a new suit on the same terms, and that decision is not an authority in support of the present motion. When that motion was made and granted, there was no judgment in the action.
In Bowdoin v. Coleman, (3 Abb., 431,) it was held, that upon an appeal to the General Term, the Court may treat the pleadings as having been amended so as to conform them to the facts proved, in any respect in which the Court ought clearly to allow an amendment upon application at Special Term. It also held, that the alleged defect was not one requiring a reversal of the judgment, and affirmed it. (Id., 442, 443.)
In Harrower v. Heath, (19 Barb., 331,) the Court, at General Term, held, that “a technical informality, in stating the setoff” in the answer, might be amended, and ordered accordingly in support of the judgment, and affirmed it.
In Clark v. Dales, (20 Barb., 65,) the point was taken at General Term, that the complaint did not state facts sufficient to constitute a cause of action. The Court held the defect one which under the old system, would be cured by verdict. They amended the complaint by inserting facts specially found by the Court, (the cause having been tried without a jury,) (p. 67,) and affirmed the judgment.
In Bate v. Jordan et al., (1 Kern., 237,) the complaint was alleged to be fatally defective, and its dismissal was asked at the trial for that cause. But the Court of Appeals held, that as the answer alleged the fact, a statement of which in the complaint was alone essential to its sufficiency, the motion to dismiss was properly denied, and treated the complaint as having been amended and affirmed the judgment.
In Hart v. Hudson, (6 Duer, 294, 308,) the Court treated the variance as one which it was the duty of the Referee to have disregarded, and assigned his refusal to do so, as one ground for reversing his judgment.
Lounsbury v Purdy, (18 N. Y. R., 515,) decides that when the complaint omits facts essential to a cause of action, but which might be supplied by amendment under section 173 of the Code, before or after judgment, and these facts are proved at the trial *678 after the Judge has refused to dismiss the complaint, the defect of statement is not ground for an appeal.
In Grasper v. Adams, (24 Barb., 287,) the Court said that section 178 “was intended mainly (if not solely) to allow amendments so as to sustain a judgment, not for the purpose of -reversing it.” These are all the cases that were cited in support of the present motion, and in all of them which had proceeded to judgment, the amendments made were made in support of the judgment.
In Englis v. Furnis, (3 Abb., 82,) it was held, that amendments are allowed after judgment, only for the purpose of upholding it when that would be just, and not for the purpose of making regular and correct proceedings erroneous. (And, see Brown v. Colie, 1 E. D. Smith, 266-270,)
In Brazill v. Isham, (2 Kern., 17,) the Court held, that an award, the making of which was proved by the plaintiff, was not available as a defense, the defendant not having set it up in his answer.
Field v. The Mayor of New York, (2 Seld., 179-189,) decides, that though payment be proved, yet if not pleaded, the defendant is not entitled to rely on the defense thus proved.
The decision of the Greheral Term, in the present case, was, that usury in the transaction between J. S. Birch & Company, and' Tilt & Thorp, was not alleged in the complaint, and that there were no averments in the complaint, making proof of that fact admissible.
.Assuming that decision to be correct, the cases of Field v. The Mayor, and Brazill v. Isham, are conclusive, that proof of that fact, though given on the trial, was not available to the plaintiffs.
We are of the opinion that section 173 of the Code does not authorize the Court to grant the present motion.
The motion should be denied, with $10 costs.
Ordered accordingly.