## James S. Wilcox v. Martin L. Sweet.

*Motion to open judgment by default: Service: Return: Amendment.* Where a motion is made to open a final judgment obtained by default, the circuit court has power to allow a sheriff to amend his return of service of a declaration, by showing that a copy of a note appended to the declaration was also appended to the copy which he served.

*Default: Appearance of defendant: Judgment.* An entry of default, and a subsequent order after four days in term to make it absolute, and for a reference to assess the damages, is sufficient to maintain a judgment, without any other entry of appearance of defendant, or any other form of interlocutory judgment.

*Declaration: Promissory note: Indorsement: Title: Judgment: Reference to the clerk.* Where a copy of a note appended to a declaration, under the common counts, was payable to "M. L. Sweet & Co.," and suit was brought by

WILCOX v. SWEET.

Martin L. Sweet, and no indorsement was set forth on the copy, it was held that such declaration was equivalent to an assertion that he was in a position to sue on it without indorsement, and that, upon default, such title was admitted, unless evidently impossible; and that, in support of the judgment, it might be assumed that he could have shown that he had such right as surviving partner, or as the only person doing business under that name; and therefore a reference to the clerk was proper, as no evidence was needed to prove title *aliunde*.

*Heard January 10. Decided April 3.*

Error to Lenawee Circuit.

*A. L. Millard,* for plaintiff in error.

*Eldredge & Walker,* for defendant in error.

CAMPBELL, J.

Sweet sued Wilcox on the money counts, and appended to the declaration was a copy of a bill of exchange accepted by Wilcox and payable to the order of "M. L. Sweet & Co.," but no copy was given of any indorsement. Default was entered and made absolute; and a reference was made to the clerk to assess damages, and judgment was rendered on his assessment. Error is now brought upon the record.

The sheriff originally returned that on the 27th day of August, 1869, he personally served on Wilcox a copy of declaration with notice of rule to plead thereon indorsed. Default was taken September 17, 1869, and made absolute September 22, 1869, and final judgment was entered on the same day. August 24, 1871, Wilcox moved to open the default, alleging various irregularities; and on the 30th of August, 1871, the sheriff was allowed to amend his return so as to show service of a copy of the bill of exchange with the declaration; and the court refused to open the default.

We think this amendment was clearly within the statute allowing returns to be amended in furtherance of justice. If there was any imperfection which would have made the first return invalid, it was cured by the amendment, and cannot now be relied on. Doubtless the circuit court would

not have allowed the amendment if the facts had been denied. The amendment was within the power of that court, and cannot be assailed in this controversy. The error assigned on the first return is not well taken. It is also urged for error that there was no entry of appearance and no interlocutory judgment, and that a reference can only be ordered after that step has been taken in the cause.

The record, after showing a regular default, contains a second order reciting the default and the lapse of four days in term without any motion to set it aside, and ordering that the default be made absolute, and a reference to the clerk. If either of objections suggested had any actual existence, they are cured by the statute, as defaults or negligences "by which neither party shall have been prejudiced."—*2 Comp. L., p. 1202 ; Norvell v. McHenry, 1 Mich. R., 227.* But in practice no other appearance than the default itself is usually entered, and an order making a default absolute and ordering a reference is the form recognized in rule twenty-three of the circuit court rules as an interlocutory judgment. The only object of an interlocutory judgment is to direct the ascertainment of damages for the purposes of a final judgment; and its form can never be material if the method of assessment is correct. The form adopted here is not unusual in this state, and is as well adapted to its purpose as any other.

The only objection which is any thing more than formal is, that the case was not a proper one for assessment by the clerk.

It is claimed that as the copy of the bill of exchange annexed to the declaration did not show it to have been indorsed to the plaintiff, he could not treat the action as one brought upon a bill of exchange, where the plaintiff has filed and served "a copy" of such bill with his declaration (*2 Comp. L. § 4425*) ; which is the statutory

condition for assessing damages by the clerk, as they are assessed when such paper is set out specially in the declaration.

The object of the statute authorizing this course is to simplify pleadings, and to enable the plaintiff to avoid the necessity of a special count, by giving the defendant the same information in a less technical way. And as they are both put expressly on the same footing under the statute, it is not admissible to require greater accuracy in the new than in the old process.

A special declaration, on such a bill as is here appended, would strictly require the plaintiff to show, either that the bill was indorsed to him, or that M. L. Sweet & Co. was a name used by him in business, or in this particular transaction, or that he was the survivor of that partnership.

The statute, where a copy is appended, does not require any explanation of it. And it does not confine the right of serving such a copy to cases where the full Christian names of all the parties interested are signed to their respective undertakings, or given to them in the paper sued on as payees or indorsees. In a great majority of cases full names are not used. And if in this case the name of M. L. Sweet & Co. had included several persons as partners, who had all joined as plaintiffs, no identity would appear on the face of the declaration, and there would be nothing on the face of the papers to show title any further than appears now. But it cannot be claimed under our statute that the members of a firm are, in all cases, bound to declare specially on a note or bill given them in their firm name, or that a single payee must declare specially, unless his full name and the full names of the drawer and acceptor and indorsers are set forth on the paper sued. " M." and " L." stand for several common names. It is quite

possible that there may be more persons than either plaintiff or defendant bearing their respective names. How then are we to deal with these ambiguities, and yet give the statute any force whatever?

The only safe construction we can put upon the statute is, that when a person sues under the common counts and appends a copy of a negotiable instrument, it is equivalent to an assertion that he is entitled to sue upon it in manner and form as set out; and if there is any possible way in which such a title could be established, he must be considered as entitled, if issue is taken, to prove that title, and consequently, if no issue is taken, to assume it as admitted. There is no hardship or injustice in any such rule, for a defendant is always at liberty to defend, and if he is sued by the wrong person he is perfectly safe, and no judgment can be obtained against him.

It is certainly possible for Martin L. Sweet to be the only person designated by the words, "M. L. Sweet & Co.," or to be the only surviving partner in such a firm. If defendant had pleaded, it would have been entirely competent for plaintiff to show either of these facts, and neither of them would be inconsistent with the legal significance of the bill. It would be a mere question of identity, such as would have arisen, although in a somewhat simpler form, had the paper been payable to "M. L. Sweet," who might have been named Martin, or Moses, or Marcus, or Marcellus, or any other name beginning with the same letter. Defendant had full notice that plaintiff intended to rely upon a title of some sort to the bill, and he must be held by default to have admitted any title that was not inconsistent with the paper as set out. As no judgment is rendered without producing or accounting for the paper sued on, it is a defendant's own folly if he does not either appear or defend, and entitle himself to protection against any possible hazard.

We think that under the declaration, as taken to be true on default, the judgment may stand as if plaintiff below were to be regarded as original payee of the bill.

There is no error in the judgment and it must be affirmed, with costs.

The other Justices concurred.