AARON BARNETT AND JACOB L. PHILLIPS, APPELLANTS, *v.* ABE MEYER AND AARON KOSTER, SURVIVING PARTNERS OF HENRY BODENHEIM, DECEASED, RESPONDENTS.

*Amendment to answer, setting up usury— allowance of — Character of defense not considered.*

In allowing amendments to answers, the court does not now regard the character of the defense sought to be interposed. Accordingly, *held*, that an order allowing an answer to be amended by setting up the defense of usury was properly granted, and should be affirmed.

APPEAL from an order made at Special Term, allowing the defense of usury to be set up by amendment to the answer.

*A. R. Dyott*, for the appellants.

*Samuel Boardman*, for the respondents.

BRADY, J.:

The court below allowed an amendment of the answer herein by setting up the defense of usury. The plaintiffs appeal, and the proposition advanced by their counsel is, that the application being to the favor of the court, and to its equitable powers, the application should be denied. He seems to assert that the cases do not allow such a proceeding, where the defense of usury was not originally

interposed.    Whatever may have been the earlier doctrine on the subject of what were called unconscionable defenses, it no longer prevails.

The rules which govern amendments are now to be regarded without reference to the character of the defense.    None of the cases cited on behalf of the plaintiffs declare that such an amendment should not be allowed.    In the case of *Gasper* v. *Adams* (24 Barb., 287), the application to amend was made after the trial before a referee, and a report made in favor of the plaintiffs, and was for a variance between the proof and the defense of usury set up ; and the court thought, among other views expressed, that the section of the .Code under which the application was made was designed to sustain, not to reverse, judgments.

The case does not decide the point under consideration, but is mentioned because it is the only one bearing indirectly upon the subject of this appeal.    On the other side of the question we do find authority.    In the case of the *Bank of Kinderhook* v. *Gifford* (40 Barb., 659), a default was set aside and the defendant allowed to answer, although the defense sought to be set up was that the note sued on was given for money won at play.

Judge PECKHAM, declaring the earlier rule as to what were termed unconscionable defenses, said the weight of authority was now the other way, holding that on opening a default, properly excused, the court will not impose as a condition that the defendant shall not set up, as a defense, usury or the statute of limitations.

He expresses the opinion that the principle of the earlier decisions was wrong, and gives cogent reasons for the opinion.    In *McQueen* v. *Babcock* (3 Keyes, 428), it was held that the defendant had the right, within the twenty days after service of the original, to amend the answer by setting up the defense of usury.    The suggestion is made that all legal defenses stand upon the same footing.

In the case of *Union National Bank of Troy* v. *Bassett*, decided by the Supreme Court of the third district, at a General Term, which was composed of Justices PECKHAM, MILLER and HOGEBOOM (see 3 Abb. Pr. [N. S.], 359), the precise question was considered and passed upon.

The defendant was allowed to amend his answer so as to set up this defense of usury, and the order was sustained on appeal.    The

subject is fully discussed, and the conclusion arrived at is in conformity with the Code and the authorities bearing upon the question.

The order made at Special Term should therefore be affirmed, with ten dollars costs and the disbursements of this appeal.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.