Dunham v. Wilfong.

9. EXECUTION SALE FOR TAXES: ejectment

---

DUNHAM, *Plaintiff in Error*, v. WILFONG.

1. **A Sheriff's Return** upon an alias summons showed that service had been made by delivering a true copy of the writ and petition to P. H. S., "and also an alias summons to C. O. J., he being next and last served." *Held*, that the return was informal in not stating that it was a copy of the writ which was served on C. O. J., but upon the whole return it was certain to a common intent that it was a copy.

2. ———: JUDGMENT. A recital in a judgment that the defendants were legally served with process cuts off all inquiry in a collateral proceeding as to the legality of the service.

3. ———: AMENDMENT. The validity of a judgment by default being collaterally called in question on the ground that the sheriff's return failed to show proper service of the summons, after the submission of the collateral cause, but before its decision, by leave of court, the sheriff amended his return so as to show a good service. *Held*, that this amendment was conclusive.

4. **Judgment not Collaterally Assailable.** A sheriff having sold land in partition, took notes for the purchase money payable to himself, or his successor in office. Without any order of court authorizing him so to do, his successor took possession of the notes and brought suit upon them, obtained a judgment for the enforcement of a vendor's lien, and subsequently caused the land to be sold under the judgment. In ejectment for the land brought by the purchaser at this sale; *Held*, that the right of the successor to bring the suit and procure the judgment could not be collaterally called in question by the parties to the partition suit, or by any one claiming under them, with notice of the vendor's lien suit.

*Error to Pettis Circuit Court.*—HON. WM. T. WOOD, Judge.

*Geo. P. B. Jackson* for plaintiff in error.

*Philips & Vest* and *Houston & Bothwell* for defendant in error.

HOUGH, J.—This was an action of ejectment. The land sued for was sold in partition, to Chas. O. Jones, who gave his notes for the purchase money, with Peter H. Stone, as security, payable to Wesley McClure, sheriff of Pettis county, or his successor in office. H. J. McCormick, his successor in office, brought suit on said notes, against said Stone and Jones, alleging that said notes represented the purchase money of the land in suit, that a vendor's lien existed in his favor therefor, and asking for the enforcement of said lien. Judgment, by default, was rendered for the enforcement of a vendor's lien, and, by virtue of a special execution, issued thereunder, the land in controversy, was sold to the plaintiff, Dunham, to whom the sheriff executed a deed conveying " all the right, title, interest, claim, estate and property of them, the said C. O. Jones and P. H. Stone, of, in and to the above mentioned

Dunham v. Wilfong.

and described property that I might sell as sheriff as aforesaid, by virtue of the aforesaid execution and advertisement." This deed was properly acknowledged May 4th, 1866, and recorded May 7th, 1866. It is agreed that it does not anywhere appear of record that the court ever ordered H. J. McCormick to institute suit for the collection of the notes, or to enforce a vendor's lien, or that it ever ordered Sheriff McClure to transfer said notes, or any of them, to his successor in office. The return of service of process, made by the sheriff in the suit brought by McCormick, is as follows: "I do hereby certify that I executed the within petition and *alias* writ of summons by delivering a true copy of the same to Peter H. Stone, and also an *alias* summons to Charles O. Jones, he being next and last served. All in Pettis county, Missouri, January 30th, 1864. J. Hubbard, sheriff Pettis county, by J. Montgomery, deputy sheriff." The title is conceded to have been in the parties to this partition suit, and the only question is, whether, under the foregoing proceedings to enforce a vendor's lien, said title was acquired by the plaintiff. It is contended, by the defendant, that C. O. Jones was not legally served with process; that the court, therefore, acquired no jurisdiction over him, and, as he did not appear to the action, the judgment against him was a nullity.

The return is informal in not stating that a copy of the *alias* writ of summons was delivered to the defendant, 1. SHERIFF'S RE-TURN. Jones. The return shows that Jones was personally served with an "*alias* summons," and as the statutory reason for serving him with the summons alone, without the petition, is found in the language of the return that he was "next and last served," it is rendered certain to a common intent that the writ delivered to Jones was a counterpart of the one delivered to Stone. It is impossible, therefore, that Jones could have been served with an *alias* summons in that case, without having been served with a copy, as the original was returned.

Besides, it is recited in the judgment that both defendants were legally served, and such recital is conclusive upon the parties in a collateral proceeding. Freeman on Judgs., § 130, and cases cited; *Rumfelt v. O'Brien*, 57 Mo. 570.

2. ——: judgment.

Moreover, after the submission of this cause, and before its decision, the court permitted the officer so to amend his return as to show a service, which is unquestionably good, and though the amendment was objected to by the defendant, he did not appeal from that ruling of the court, and the amendment, so made, is, therefore, conclusive, as to the question of jurisdiction over the defendant, Jones.

3. ——: amendment.

It is also contended that McCormick had no right to bring suit on the notes; that the sale in partition having been made by Sheriff McClure, in the absence of an order transferring the business to his successor in office, he, alone, had authority to collect the notes and make a deed to the purchaser. The judgment of the court, on this question, is not open to collateral attack; and its decree declaring and enforcing a vendor's lien for the purchase money of the land in partition, is equally conclusive. Having declared the lien, and proceeded to enforce it by a sale of the land, the whole title passed to the purchaser at such sale, and can never be asserted by the parties to the partition suit, who were represented by the sheriff in the foreclosure suit, nor by any one claiming under them, having notice of such sale. This was expressly decided in the case of *Winston v. Affalter*, 49 Mo. 263, and an examination of the transcript in that cause discloses the fact that the granting clause of the sheriff's deed, thus passed upon, is identical with that contained in the deed to the plaintiff in this suit. To those not having actual notice of such proceedings, the deed to Dunham affords constructive notice from the time it was recorded. We are of opinion, therefore, that the judg-

4. JUDGMENT NOT COLLATERALLY ASSAILABLE.

ment of the circuit court should be reversed and the cause remanded. All concur.

REVERSED.

| 69 | 359 |
| 44a | 546 |

| 69 | 359 |
| 117 | 629 |

| 69 | 359 |
| 58a | 449 |

| 69 | 359 |
| 68a | 167 |