JULIA H. MILLS, Executrix of the will of TRUMAN MORSE, deceased, Plaintiff and Respondent *v.* RICHMOND W. HOWLAND, CHARLES H. HOWLAND, and HERMAN WARNER, Defendants; CHARLES H. HOWLAND, Defendant and Appellant.

**Service of Process—Amendment of Return.**

1. After judgment entered in a case where there was no appearance by defendants, the trial court may, in furtherance of justice, and in affirmance of such judgment, permit the sheriff, on his application, and upon notice to the defendants, to amend his return of service of summons in accordance with the truth, and thus bring upon the record jurisdictional facts.

2. Such amended return, when filed, relates back to the original re-

turn, and has the same effect as if the amended return had been originally made.

(Opinion Filed June 7, 1891.)

*A* PPEAL from district court, Cass county; Hon. WILLIAM B. McCONNELL, Judge.

*S. G. Roberts*, for appellant. *Francis & Southard*, for respondent.

Action to foreclose a mortgage. Judgment for plaintiff. Defendant Charles H. Howland appeals from an order denying a motion to set aside the judgment. Order affirmed.

S. G. Roberts for appellant:

The power to hear and determine a cause is jurisdictional. It is indispensible to the validity of a judgment in an action that the court by which it is rendered should have jurisdiction of the person of the defendant as well as the subject matter of the action. Kendal v. Washburn, 14 How. Pr. 380. The requirement of the statute that "the summons shall be subscribed by the plaintiff or his attorney" is mandatory and must be substantially complied with to give the court jurisdiction of the defendant. Dix v. Palmer, 5 How. Pr. 234; Lyman v. Milton, 44 Cal. 634; People v. Green, 52 Cal. 577; Ward v. Ward, 59 Cal. 139; Osborn v. McCloskey, 55 How. Pr. 345; Reynolds v. Page, 35 Cal. 296. The filing of the sheriff's amended return does not change the record as to the issuing of a summons. If the summons is so defective as to be in effect no summons, then there is an entire want of jurisdiction and the judgment based upon it is absolutely void. Freeman on Judgments, § 125; Clark v. Thompson, 47 Ill. 25; Hahn v. Kelley, 94 Am. Dec. 742; Coit v. Hoven, 79 Am. Dec. 244; Williams v. Van Valkenburg, 16 How. Pr. 144. The judgment was void for want of jurisdiction over the person of the defendant. A void judgment is in legal effect no judgment. Freeman on Judgments, § 117.

Francis & Southard for respondent:

Good authority will uphold the defective summons as sufficient. Shinn v. Cummings, 65 Cal. 97; Meschen v. More, 54

Wis. 214. If the summons attached to the return is in law and fact an original summons it can be amended by the district court by the addition of the attorney's signature. Farmer's Loan Co. v. Dickson, 17 How. Pr. 478; Crafts v. Sikes, 4 Gray 195; Langmaid v. Kahn, 44 Ark. 404; McCoy v. Boyle, 10 Mo. 391; Polack v. Hunt, 2 Cal. 195; Parker v. Barker, 80 Am. Dec. (N. H.) 131; Whitewell v. Barber, 7 Cal. 64.

The opinion of the court was delivered by

BARTHOLOMEW, J. This is an appeal from an order denying a motion to set aside a judgment. It appears from the abstract that in June, 1888, the plaintiff attempted to bring an action against the defendants for the foreclosure of a mortgage. No appearance was made in the action by either Richmond W. or Charles H. Howland. An appearance was entered for Warner, who was a non-resident, but no answer filed. Judgment and decree were entered in the case in September, 1888, and the judgment recites that due and personal service had been made upon the defendants. The facts were, however, that the summons attached to the sheriff's return of service, and which he certified he personally served upon the Howlands by copy, was not subscribed by the plaintiff or her attorneys, as expressly required by section 4893, Comp. Laws, and this summons was marked "original." On discovering that the summons returned by him was not subscribed by the attorneys, the sheriff, on affidavits and the papers in the case, moved the court for an order allowing him to amend his return. This motion was dated February 24, 1890. On February 26, 1890, an order was entered granting the motion, and directing an amended return to be filed *nunc pro tunc*. This order recites that the respective parties were represented by counsel in the argument on the motion. The affidavits upon which the motion was based are uncontradicted, and show that the copies of summons served upon the Howlands were subscribed in ink, with the names of plaintiff's attorneys; and the affidavit of one of said attorneys, and which was used upon the motion, shows that R. W. Howland was repeatedly in the office of plaintiff's attorneys after said service and before judgment, asking for an extension of time in

the case, and that, on his request, plaintiff's attorneys delayed taking judgment for some time. In compliance with the leave given by the court, the sheriff filed an amended return attached to a complete summons. No exception to or appeal from this order was ever taken. On the 2d day of January, 1891, the defendant C. H. Howland served notice on plaintiff's attorneys of a motion to vacate the judgment and all subsequent proceedings therein on the ground "that said judgment was entered without authority of law, and is void, in that no summons was ever issued therein, and the court never having acquired jurisdiction of the defendants, or either of them." Subsequently this motion was heard and denied. The motion was made on the papers filed and the record in the case. From the order denying this motion C. H. Howland appeals. Section 4892, Comp. Laws, provides that actions shall be commenced "by the service of a summons." Section 4893 reads as follows: "The summons shall be subscribed by the plaintiff or his attorney, and directed to the defendant, and shall require him to answer the complaint, and to serve a copy of his answer on the person whose name is subscribed to the summons, at a place within the territory, to be therein specified, in which there is a post-office, within thirty days after the service of the summons, exclusive of the day of service." The summons is served by delivering a copy thereof to the defendant, or leaving a copy at his dwelling-house in certain cases. No exhibition of the original is necessary. When the motion to set aside the judgment was made the record disclosed full and complete legal service. The amended return, when filed, related back to the original return, and had the same effect as if the amended return had been originally made. Murfree, Sheriffs, § 880, and cases cited; also In re Lake, 15 R. I. 628, 10 Atl. Rep. 653. The ruling of the trial court upon the question of permitting the amendment is not before us. This appellant, by counsel, opposed that motion, but saw proper to take no appeal from the decision; hence the recitals in the amended return are conclusive upon him if the amendment was one that could have been made upon any showing. We do not understand appellant to controvert that proposition. His position is that such amend-

ment was utterly futile in any event, because the record dis-
closed the fact that no summons was ever issued in the case,
hence none could have been served, and no action was com-
menced or jurisdiction of the person of the appellant obtained;
that the pretended judgment was a nullity, and .no subsequent
amendment could originate an action to support it.   But we
think the record upon which he based his motion is against ap-
pellant.   The affidavit of the officer who made the service
shows that the copy served upon appellant was complete, " in-
cluding the subscription of the names of Francis & Southard,
plaintiff's attorneys," and in the amended return he certifies
that "the summons so served was subscribed in ink with the
signature of Francis & Southard, plaintiff's attorneys."
"Signature" means a person's name as set down by
himself.   See And. Law Dict.   It seems certain, then,
that there was a summons issued, signed by plaintiff's at-
torneys, and that the copy delivered to appellant was so signed.
The fact that the attorney or the attorney's clerk may have in-
dorsed the word "original" on a copy not signed, and failed to
indorse it on the copy that was signed, would not destroy its
effect as a valid summons.   Theoretically the officer prepares
the copies for defendants.   It was his duty to return a summons
signed by plaintiff's attorneys, and to see to it that the copies
served corresponded therewith.   This he inadvertantly failed to
do; but service upon appellant of a copy signed by the at-
torneys could not prejudice him in any manner, and was none
the less good service.   The facts were that a valid summons
was issued and was properly served upon appellant, but when
judgment was entered the record showed that no summons had
been served.   After judgment the court permitted the facts
showing jurisdiction to be brought upon the record by amend-
ment to the return.   This action of the court was in further-
ance of justice and fair dealing, and is abundantly sustained by
the authorities.   In the case of Railway Co. v. Yocum, 34 Ark.
493, judgment had been rendered by default on a return that
failed to show legal service of process.   The defendant ap-
pealed, and subsequently the trial court allowed the sheriff to
amend his return, showing good service.   The learned supreme

court of Arkansas said: "When a summons has been in fact duly served, it is the duty of the defendant to take notice of it, unless all defenses be waived. He cannot shelter himself under a defective return from the consequences of his default, if the true facts be at any time brought properly upon the record. He could not in the action question the truth of the return in either case, and his remedy for a false return would be as effective in the case of the amended as of the orignal return." Mill Co. v. Bank, 97 Ill. 294, contains a very instructive discussion of this whole question, and the conclusion is reached that an officer's return may always be amended to correspond with the facts, in affirmance of a judgment, but never to defeat a judgment. To same effect, see Moyer v. Cook, 12 Wis. 335; Gasper v. Adams, 24 Barb. 287; Magrew v. Foster, 54 Mo. 258; Montgomery v. Merrill, 36 Mich. 97; Dunham v. Wilfong, 69 Mo. 355; Wilcox v. Sweet, 24 Mich. 355; Murfree, Sheriffs, §§ 875, 875*a*, and cases cited. Of course reasonable diligence in applying for leave to amend must always be shown, and the rights of innocent third persons protected. In this case the application was made as soon as the mistake was discovered, and within a year and a half from date of judgment, and no third parties are shown to be interested. The appellant had ample notice of the pendency of the action. His default was deliberate and intentional, and, what is a little remarkable, he makes no pretense of having any defense whatever to this action. His appeal to this court is based on no merits in his case, and he is entitled to such consideration as a rigid application of the rules of law gives him, and nothing more. Judgment affirmed. All concur.