MEZCHEN vs. MORE, imp.

*January 13 — February 7, 1882.*

SUMMONS.   *Printed signature.*

Under our statute (R. S., secs. 2629–30), which provides that the summons in a civil action "shall be subscribed by the plaintiff or his attorney," it is not necessary that the name of the plaintiff or his attorney be written in his own hand at the bottom of the summons, but it may be printed.

APPEAL from the Circuit Court for *Milwaukee* County.
The plaintiff appealed from an order, whose character is stated in the opinion.

For the appellant there were separate briefs by *Frank B. Van Valkenburgh*, his attorney, and *Jenkins, Elliott & Winkler*, of counsel, and oral argument by *Mr. Jenkins* and *Mr. Van Valkenburgh.* ·

*J. J. Orton*, for the respondent.

TAYLOR, J.   This is an appeal from an order setting aside the judgment, mortgage sale, and all other proceedings in the action, because the original summons in the action had the names of the attorneys who issued the same printed thereon. The defendants did not appear in the action, and judgment was taken against them by default, all the other proceedings in the action appearing to have been regularly taken.   The learned circuit court held the proceedings were void,. because the summons in the action was not subscribed in the handwriting of the attorney who issued the same.    The statute, secs. 2629, 2630, R. S., provides that a civil action shall be commenced by the service of a summons, and, after describing what it shall contain, says:   "It shall be subscribed by the plaintiff or his attorney, with the addition of his post-office address, at which papers in the action may be served on him by mail."   It is insisted by the learned counsel for the respondent, and was held by the circuit court, that this provision of the statute requires the summons to be subscribed by the party or his attorney in his own proper handwriting, and that if not so signed it is absolutely void.

We think the learned counsel and the court erred in giving the statute this restricted construction.   The summons is not a writ or process of the court, but is simply a notice to the defendant that an action has been commenced against him, and that he is required to answer to the complaint which is either attached thereto or is or will be filed in the proper clerk's office. *Porter v. Vandercook*, 11 Wis., 70; *Rahn v. Gunnison*, 12 Wis., 528; *Johnston v. Hamburger*, 13 Wis., 175.   It is substantially the same method of commencing an action which

was long practiced in the state of New York before the adoption of the code, viz., by filing a declaration with the clerk of the court in which the action was commenced, and entering a rule requiring him to plead, and then serving upon the defendant a copy of the complaint and a notice of such rule. The summons is, in fact, a notice to the defendant that an action is commenced against him, and that he must answer the complaint within a certain time or judgment will be taken against him. The only object of requiring it to show the name of the attorney or party who commences the action, and his post-office address, is that the defendant may know upon whom and at what place he may serve his answer and other papers in the action. "That this is the object is apparent from the fact that the same section provides that the summons shall state the title of the cause, the court in which the action is brought, the county where the action is to be tried, and the names of the parties."

These facts give the defendant all the knowledge necessary to enable him to plead to the action, except the knowledge of the person upon whom and the place where his answer and other papers must be served. This object is certainly as well accomplished when the name of the party or attorney is printed at the end of the summons as when it is written there; and unless the statute is imperative in requiring the signature in the handwriting of the attorney or party, there does not appear to be any reason for giving it that construction. We think the argument of the learned counsel for the appellant demonstrates that the statute does not require the written signature of the attorney or party. The authorities cited from the courts of New York, giving construction to the same provision of law in that state, are quite satisfactory, and we are disposed to follow them. *Barnard v. Heydrick*, 49 Barb., 62; *Life Ins. Co. v. Ross*, note to the case of *Hunter v. Lester*, 10 Abb. Pr., 260; 1 Wait, 472; *Clason v. Bailey*, 14 Johns., 484; 1 Maddock's Ch. Pr., 375. This question was somewhat

considered by this court in the case of *Scott v. Seaver*, 52 Wis., 175, 183, 184, and the rule upon this subject as laid down by the New York courts was approved.

It is urged by the learned counsel for the respondent, that the court should not follow the decisions of the New York courts upon this question, because subd. 19, sec. 4971, R. S., upon the construction of statutes, is not found in the New York statutes. We are at a loss to see how this statute defining the meaning of the words "written signature of any person," in any way affects the construction of a statute that merely requires a notice to be "subscribed by the party or person issuing it." It is begging the whole question to decide that the last phrase means "written signature;" and unless it does, the subdivision above referred to has no effect upon the question at issue. The meaning of this subdivision was commented upon in the case of *Scott v. Seaver, supra*. We there said: "Section 4971 is a section defining words or phrases used in the statutes, and that part of subdivision 19 above quoted must be limited to cases where the statute expressly or by necessary implication requires 'the written signature of a person.'" And in regard to the section of the statute then under consideration we further said: "We do not think such construction must necessarily be given to the section under consideration. It does not say in terms that the consent and certificate shall be signed with the written signature of the assignee and officer, nor do we think that the purposes of the statute necessarily require such written signature in their proper handwriting. The object and purpose of the statute are as fully accomplished when their signatures are signed by another in their presence, and with their consent, as when signed with their own proper handwriting." These remarks are quite as applicable to the case at bar as to the case then under consideration. As the statute now to be construed does not require in terms that the summons shall be signed in the proper handwriting of the attorney issuing the same, and as the purposes of the statute

are as fully accomplished by attaching thereto the printed signature, there is no substantial reason why such printed signature should not be construed to be a subscription within the meaning of the law.

The case of *Mericle v. Mulks*, 1 Wis., 366, upon which the learned counsel for the respondent places great reliance, is, we think, clearly distinguishable from the present case.  The statute in that case required the supervisors to issue a warrant and sign the same.  Such warrant was a process which authorized the officer to whom it was issued to collect a tax, and it might well be held in such case that the duty of issuing such process, when conferred upon a public officer, could not be delegated to another.  In *Williams v. Mitchell*, 49 Wis., 284, it was held that where the statute made it the duty of the supervisors to give a notice of their intention to act upon a petition to lay out a highway, such notice might be made out by some one authorized by them, and need not be signed in their own handwriting.  In the first case the warrant was in the nature of a final judgment subjecting the property of the citizens to the payment of certain taxes, and in the second it was a mere notice that they would take action upon a given subject in which the citizens were interested; and in such case all that is essential is that the notice shall be in such form as to accomplish the purpose for which it is given.

The case of *Ames v. Schurmeier*, 9 Minn., 221, sustains the position taken by the learned circuit judge; but we think much of the force of that decision is taken away by the decision by the same learned court in the case of *Hotchkiss v. Cutting*, 14 Minn., 538.  In the first case the learned court seemed to base its decision upon the defining statute, which, like ours, provides "that in all cases where the written signature of any person is required by law, it shall always be the proper handwriting of such person," and not upon the statute prescribing how the summons must be signed.  The court seemed to take it for granted that the latter statute required

the written signature of the attorney or party, and therefore, under the defining law, such subscription must be in the proper handwriting of such attorney or party; but in the last case the court held that the summons was sufficient if signed by a third person in the presence and by the direction of the attorney or party whose name is attached thereto. This latter decision does away with the necessity of a signature in the proper handwriting of the party or attorney; and if such signature be not necessary, then there does not appear to be any necessity for a written signature at all. Any signature which he adopts as his, whether written or printed, accomplishes the purpose and gives all the information necessary. If the attorney or party may delegate his authority to another to sign his name to the summons, there would seem to be no necessity that such signing should be in his presence. Holding that the signature would be sufficient if made at the request and in the presence of the attorney or party, and void if made out of his presence, would be overcritical and lead to unnecessary trouble. That it was done in the presence of the attorney could add nothing to its efficacy in giving information to the defendant or the court as to its authenticity. The important question is, Was it signed by his authority?

We can see no evil results which would be likely to follow from allowing a summons to be issued with the printed signature of the attorney or party, which would not result from allowing it to be signed in writing by an authorized clerk or agent of the attorney or party. There does not seem to be any middle ground. It must either be held that the statute requires the written signature of the attorney or party, and comes within the defining statute which in such case requires the signature in his proper handwriting in every case where such attorney or party is able to write; or we must hold that the statute which requires simply subscription does not require the written signature of such attorney or party, and may therefore be complied with by a written or printed signature

at the option of the party issuing it. The latter construction appears to be better sustained by the authorities than the first. We have no doubt that such is the proper construction.

*By the Court.*— The order of the circuit court is reversed.