NATHAN HERRICK *vs.* ASHLEY C. MORRILL.

July 21, 1887.

**Summons—Printed Signature.**—A summons in a civil action may be subscriþed by the printed signature of the plaintiff or his attorney; overruling *Ames* v. *Schurmeier*, 9 Minn. 206, (221.)

**Execution Sale of Land—Requisites of Description in Notice.**—Real estate sold in execution of a statutory power should be described with sufficient certainty to enable all parties who are invited by the notice to attend and bid, to identify the property, and know what is being sold.

**Same — Description, when aided by Extrinsic Evidence.**—While evidence of extrinsic facts and circumstances is admissible to apply the description or to identify the premises sold, yet an inherently insufficient description in a sale on execution cannot be helped out by evidence of facts tending to show what property the officer probably intended to sell.

Appeal by plaintiff from a judgment of the district court for Morrison county, where the action was tried before *Collins, J.*, without a jury.

*Edward Savage,* for appellant.

*Chas. D. Kerr,* for respondent, upon the question of the validity of a printed signature to a summons, cited *Ames* v. *Schurmeier*, 9 Minn. 206, (221;) *Farmers', etc., Trust Co.* v. *Dickson*, 9 Abb. Pr. 61; *Hamilton* v. *State*, 103 Ind. 96; *Morey* v. *Morey*, 27 Minn. 265; *Holmes* v. *Campbell*, 12 Minn. 141, (221;) *Feller* v. *Clark*, 36 Minn. 338, (31 N. W. Rep. 175;) *Settlemier* v. *Sullivan*, 97 U. S. 444; *Falkner* v. *Guild*, 10 Wis. 563; *Boker* v. *Chapline*, 12 Iowa, 204; Wells, Jurisdiction, 27–41; *Turrell* v. *Warren*, 25 Minn. 9.

MITCHELL, J.[1] This was an action to determine adverse claims to real estate. Both parties claim through the Little Falls Manufacturing Company as a common source of title. Plaintiff claims title (1) to certain tracts under an execution sale made July 28, 1869, on two judgments known as the "Herrick" judgments; (2) to other tracts under an execution sale made April 26, 1871, on the junior Herrick

---

[1] Berry, J., because of illness, took no part in this case.

judgment, and two others known as the "Hidden" judgments; (3) to still other tracts under an execution sale made June 11, 1874, on the junior Herrick judgment; (4) to still further tracts on an execution sale made June 25, 1875, on this same judgment. The defendant claims title under a deed from the Little Falls Manufacturing Company to Arthur Eustis, executed July 11, 1882, and certain mesne conveyances from Eustis to defendant. The court below found against plaintiff upon all four of these execution sales. The grounds upon which the court held invalid the title under the execution sale of July, 1869, were (1) that the Herrick judgments (which were rendered on default) were void because the summons in the actions were not subscribed by the plaintiff or his attorney; (2) that the certificate of sale did not describe the real estate sold with sufficient certainty; (3) that the certificate of sale was not executed or acknowledged by the sheriff of Morrison county. We shall consider these three in their order.

The summons in the two Herrick actions had the printed but not the written names of the plaintiff's attorneys affixed, and the court below, for that reason, held the judgments void upon the supposed authority of *Ames* v. *Schurmeier*, 9 Minn. 206, (221.) Even if the decision in that case is to be adhered to, it does not follow that the judgments are void, or that they can be thus collaterally attacked by the parties to those actions or their privies. Being domestic judgments of a court of common-law jurisdiction from which an appeal would lie, they would be valid as between the parties until reversed, notwithstanding this defect in the summons. Freem. Judgm. § 126; *Hendrick* v. *Whittemore*, 105 Mass. 23. The summons would at most be merely voidable, and the defect could only be taken advantage of directly in the actions themselves, and could not be made the ground of a collateral attack on the judgments by the parties, or those in privity with them. We have no hesitation, however, in saying that, in our opinion, the decision in *Ames* v. *Schurmeier* was erroneous, and should not be followed. In fact, it was long since virtually overruled by *Hotchkiss* v. *Cutting*, 14 Minn. 408, (537.) In the first case this court held that the summons must have the name of the plaintiff or his attorney attached *in his own proper handwriting.* In the latter

·case it was held that a written signature purporting to be that of the plaintiff in the action, but made by his agent in his presence and by his express direction, was sufficient. This does away with the necessity of a signature in the proper handwriting of the party or his attorney, and it logically follows that there need· be no written signature at all; that any signature, whether written, printed, or lithographed, which the party issuing the summons may adopt as his own, will be sufficient. Any of these will accomplish the desired purpose, ·and give the defendant all the necessary information. There is no middle ground. The statute either requires the signature to be the ·proper handwriting of the plaintiff or his attorney, or it may be complied with by attaching any of the other forms of subscription suggested. The decision in *Ames* v. *Schurmeier* seems to have been made upon the erroneous assumption that "subscribed" meant a "written signature," and that the statute defining the meaning of the words "written signature" applied to the construction of the statute requiring the summons to be "subscribed." *Barnard* v. *Heydrick*, 49 Barb. 62; *Mutual Life Ins. Co.* v. *Ross*, 10 Abb. Pr. 260, (note;) *Mezchen* v. *More*, 54 Wis. 214, (11 N. W. Rep. 534.)

This brings us to the question of the sufficiency of the description ·of the property in the certificate of sale. The property in controversy consisted of certain lots in certain blocks in the town of Little Falls, in the county of Morrison, according to a map or plat thereof recorded in the office of the register of deeds. The notice of sale, which was published in the Sauk Rapids Sentinel, described the property levied on and to be sold as situated in Morrison county, and as being certain specified lots in certain designated blocks "in the town ·of Little Falls." There would seem to be no question but that this ·description was sufficient, and gave full notice to all parties of what property was to be sold. The certificate of sale, after reciting the levy, and the publication of notice in the Sauk Rapids Sentinel, described the property sold the same as the notice of sale, except that it uses the word "township" instead of "town," describing it as lots and blocks "in the township of Little Falls." The whole trouble, if any, arises from the use of the word "township" instead of "town." The word "town" often means "township," but "township" never

means "town" in the sense of a platted village or town-site. But it clearly appears that it was property in the town or village of Little Falls that was advertised for sale; and hence, as already remarked, all parties had notice of what property was to be sold. The court will take judicial notice of the fact that a *township,* whether used in the sense of a municipal division of a county, or of a township according to government survey, has no subdivisions known as blocks. That term is applied only to the subdivisions of a platted town, village, or city. In view of these facts, we think it apparent that the word "township" is a mere clerical error, being inadvertently used for the word "town." If the word "township" be rejected entirely as surplusage, enough remains to constitute a good description of the property as being in the town or village of Little Falls. The difference between the description in this certificate and that contained in the certificate considered in *Herrick* v. *Ammerman,* 32 Minn. 544, (21 N. W. Rep. 836,) will be apparent on inspection.

We do not fully understand the point to the objection that the certificate was not acknowledged or executed by the sheriff of Morrison county. It was executed and acknowledged by the deputy-sheriff who made the levy and the sale. As we understand the law, the officer who makes the sale is the proper person to execute the certificate.

The court found as a fact that the amount realized from this sale was sufficient to fully satisfy both of the Herrick judgments. Without discussing the evidence, it is sufficient to say that we think it justified the finding. It contains facts and figures sufficient to enable the court to arrive at the result by a mere mathematical calculation. It follows that the power to sell on execution under either of these judgments was exhausted, and that plaintiff acquired no title under either the sale of June 11, 1874, or of June 25, 1875.

This leaves only the sale of April 26, 1871, to be considered. This was made on three executions issued severally on the junior Herrick judgment and the two Hidden judgments. The objections that there was no evidence that the Hidden judgments had been assigned to plaintiff, and that the property was sold at one sale on all three executions, and that one of the judgments was docketed for too large an

amount, require no consideration except to say that they furnish no ground for holding the title acquired at the sale void. The fact that one of the executions was void because the judgment on which it was issued was already satisfied, would not render the sale void if the other executions were valid. *Gunz* v. *Heffner,* 33 Minn. 215, (22 N. W. Rep. 386.)

The description of the property purporting to have been sold is, however, fatally defective. This was the certificate of sale considered by the court in *Herrick* v. *Ammerman, supra,* when we held the description as to one tract insufficient. The description of the lots now in controversy is the same as the one considered in that case. Counsel for appellant, however, questions the correctness of what was there said as to a distinction between descriptions in conveyances *inter partes,* and those in sales made in the execution of a statutory power. He also claims that this appeal comes up on a different state of proofs. In what was said in *Herrick* v. *Ammerman* we did not mean to intimate that, to constitute a good description on a sale in execution of a statutory power, it must be such that from a mere inspection of it the court would know what land was intended. Nor did we intend to be understood that parol evidence of extrinsic facts and circumstances was not admissible to apply the description, or identify the premises described. All that was intended to be held was that the land should be described with sufficient certainty to enable all parties to identify it, and know what was being sold; that in cases of the execution of a statutory power, when the owner of the land intends nothing, and the law through its officers acts in hostility to him, you cannot aid or help out an inherently insufficient description by extrinsic evidence tending to prove what the officer probably intended to sell. In these sales the policy of the law requires, not that there should exist the means of showing at some future time what is otherwise indefinite and uncertain, but that, at the time of the sale, it should be within the power of all who are by the notice invited to become bidders to know what was offered, and that it should not be left to be surmised or guessed at some future time as to what the officer intended to sell. This we think is in accordance with reason and sound policy, as well as supported by authority. *Jackson* v. *Rosevelt,* 13 John. 97; *Jack-*

*son* v. *DeLancy,* Id. 536, (7 Am. Dec. 403;) *Childs* v. *Ballou,* 5 R. I. 537, 546; *Mason* v. *White,* 11 Barb. 173.

In the present case it will be observed that the defect in the description exists in the notice as well as the certificate of sale. The only important evidence in this case not in the former is that the description, as far as it goes, fits this property, and fits no other in the county belonging to the judgment debtor. This is not evidence of extrinsic circumstances to identify the premises in the light of which the description in itself appears certain and sufficient, but merely of facts tending to prove what property the sheriff probably intended to advertise and sell under the imperfect and defective description. The description cannot be helped out in this way. These facts were presumably not known to bidders at the sale; and, even if they were, they are not to be left thus to an uncertain surmise as to what is being sold. We still think the description bad.

The plaintiff also claimed some tracts under tax titles; but as to those the court below made no findings. The proper course for plaintiff to have pursued was to have requested the court to amend its findings in that regard. The plaintiff not having done so, the sufficiency of the alleged tax titles cannot be here considered.

The same remark disposes of the point that the court below failed to decide certain objections made on the trial to the admission of evidence, which were taken under advisement, instead of being disposed of when made. The plaintiff should have requested the court to state in the "case" how these objections were disposed of.

The judgment is affirmed in all things except in so far as it adjudges that the defendant is the owner of those tracts of land and lots which were sold to plaintiff, July 28, 1869, on executions on the Herrick judgments, and the plaintiff's claim of title thereto is void, which part of the judgment is hereby reversed.