[No. 12346. In Bank. — June 19, 1888.]

GEORGE C. LIGARE, APPELLANT, v. CALIFORNIA SOUTHERN RAILROAD COMPANY, RESPONDENT.

SUMMONS — SIGNATURE OF CLERK. — The affixing of the seal of the court is a sufficient adoption by the clerk of a printed signature.

ID. — AFFIDAVIT FOR PUBLICATION — SHOWING THAT A CAUSE OF ACTION EXISTS — REFERENCE TO DOCUMENT ON FILE. — The fact that a cause of action exists may be shown either by affidavit or by the verified complaint on file. If the complaint be not verified, the affidavit may refer to and adopt its statements. In such a case, the oath to the affidavit is an oath to the contents of the document referred to and adopted.

ID. — SHOWING OF DILIGENCE — COLLATERAL ATTACK. — The affidavit should not merely follow the language of the statute, but should set forth the evidence from which diligence can be inferred. And if the evidence be such that the judge might have been satisfied from it, although not conclusive, the showing will be held sufficient on a collateral attack. Instance.

ID. — SHOWING WHETHER THE DEFENDANT'S PLACE OF RESIDENCE IS KNOWN. — The requirement that the affidavit shall state whether or not the defendant's place of residence is known applies only in cases of non-resident or absent defendants.

ID. — ORDER OF PUBLICATION — ON WHAT IT MUST BE BASED. — If the affidavit is sufficient, and the order recites that the judge is satisfied therefrom that a case for publication exists, it does not matter that there is also a recital that other evidence was read and considered. Instance.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The action was brought by the plaintiff, a non-resident, to quiet his title to certain lands to which the defendant claimed title under a judgment in a condemnation proceeding. Judgment was rendered in favor of the defendant, from which, and from an order refusing him a new trial, the plaintiff appealed. The further facts are stated in the opinion.

J. E. Deakin, for Appellant.

A. Brunson, and M. A. Luce, for Respondent.

HAYNE, C.—The sole question in this case is as to the sufficiency of a service of summons by publication to sustain a judgment by default in a proceeding to condemn land. The particulars in which the publication proceedings are supposed to be insufficient are the following: —

1. It is said that the summons was not signed by the clerk. The statute requires that it should be so signed. (Code Civ. Proc., sec. 407.) But we think the affixing by the clerk of the seal of the court to a form to which was appended his printed name was an adoption of the printed signature which for the purpose in hand was sufficient. (See *Williams* v. *McDonald*, 58 Cal. 529; *Hancock* v. *Bowman*, 49 Cal. 413.)

2. It is contended that the affidavit for publication does not show that a cause of action existed against Ligare, the plaintiff here. The statute requires that it must appear "by such affidavit, *or* by the verified complaint on file, that a cause of action exists." (Code Civ. Proc., sec. 412.) It will be observed of this provision that it does not require the fact to appear in both ways. It is sufficient if it appear in either way. If there is a verified complaint on file, the affidavit may be silent on the subject. And, on the other hand, if the fact appears from the affidavit, it does not matter that the complaint is not verified. It appears that the original complaint was verified, but that the fictitious names of certain other defendants were ordered stricken out, and the real names inserted, and that a document purporting to be an amended complaint, which was the same as the original in all respects except as to the said names, was filed, but was not verified. The affidavit refers "to the *verified* complaint on file herein, and which is made part and portion of this affidavit."

Inasmuch as the so-called amended complaint made no change in the issues, it is somewhat doubtful whether, so far as this party is concerned, it superseded the original.

(See *Brock* v. *Martinovich,* 55 Cal. 516; *Tormey* v. *Pierce,* 49 Cal. 306.)   But if we assume that it did, we nevertheless think that the objection is not well taken.   The affidavit could refer to any document on file, and adopt its contents.   In such case, the oath to the affidavit is an oath to the truth of the document referred to.   The affidavit here did refer to the original complaint and adopt its contents, and this complaint stated a cause of action. The fact that a cause of action existed, therefore, appeared from the affidavit.   And, as above shown, it made no difference that the document which was then performing the functions of a complaint was not verified.

3. It is argued that the affidavit for publication was insufficient on the question of diligence.   The code provides that service may be made by publication (among other cases) where the person on whom it is to be made "cannot, after due diligence, be found within the state." (Code Civ. Proc., sec. 412.)   The affidavit in question first states that certain defendants, among whom is the plaintiff here, "have been sought for to obtain service of summons thereon, but, *after diligent search and inquiry, cannot be found within the state."*   It then goes on to show what kind of search and inquiry have been made, viz., that the affiant "has made inquiry *of all persons from whom he could expect to obtain information* as to the residence of said defendants."   It is not expressly stated what was the result of these inquiries.   But the statement must be read in connection with what preceded it, viz., that after inquiry the said defendants "cannot be found within the state."   And so reading it, we think it is to be inferred that the inquiries were fruitless.   The affidavit then goes on to state that "a summons and *alias* summonses" had been placed in the hands of the sheriff of San Diego (which was where the property was situated), with instructions to serve it, and that he had made return that the defendants could not be found in his county; and that "*alias* summonses"

had been placed in the hands of the sheriffs of San Francisco, Los Angeles, Santa Clara, San Bernardino, Alameda, Humboldt, Yolo, Sacramento, and others," with instructions to make service, but that "they have all returned said summonses with return either indorsed thereon or written responses that they have made diligent inquiry and search within their counties, and cannot find any of said defendants herein mentioned."

The affidavit is not required to follow the language of the statute, but is to state the evidence from which diligence can be inferred. (*Ricketson* v. *Richardson*, 26 Cal. 153.) And we think that the court was authorized to infer diligence from the above-mentioned affidavit. Possibly it would have been held insufficient on an appeal, but it is otherwise upon a collateral attack. As was said by Sawyer, J., delivering the opinion in *Forbes* v. *Hyde*, 31 Cal. 348, "There is a marked distinction between an affidavit which presents some evidence on a vital point, but clearly of a character too unsatisfactory to justify an order for publication of summons based upon it, and an affidavit which presents no evidence at all tending to prove the essential fact. In the former case the judge might be satisfied upon very slender and inconclusive testimony; but there being some appreciable evidence of a legal character, which calls into action the judgment of the judge, he has jurisdiction to consider and pass upon it. He may be wholly and egregiously wrong in his conclusion upon the weight of the evidence, but he has jurisdiction to act upon it, and his action is simply erroneous. His order would, in such case, be reversed on appeal. But as there was jurisdiction to act, until reversed, or attacked by some direct proceeding to annul it, the order and judgment based upon it would be valid. Such a judgment could not be collaterally attacked."

We do not commend the affidavit in question as a model, but we think that its showing of diligence is sufficient upon a collateral attack.

4. It is urged that the affidavit does not state that Ligare's place of residence was not known to the plaintiff in the condemnation proceeding.

Section 412 provides that service may be by publication where the person on whom it is to be made "resides out of the state, *or* has departed from the state, *or* cannot, after due diligence, be found within the state, *or* conceals himself to avoid service of summons," etc. It will be observed that these conditions are stated disjunctively. And in *Anderson* v. *Goff*, 72 Cal. 69, it was held that when the defendant is a non-resident no showing of diligence is necessary. And it is obvious that upon the same principle, if any of the conditions mentioned exist, the others are immaterial. It is to be further observed that section 412 does not require the affidavit to state that the residence of the defendant is not known to the affiant.

The requirement as to want of such knowledge results from section 413, which provides that "where the residence of a *non-resident* or *absent* defendant is known" the order must direct a copy to be deposited in the post-office for him. This provision has been held to require that the affidavit must show whether or not such residence is known. (*Ricketson* v. *Richardson*, 26 Cal. 153, 154.) But it can only be required in the cases specified, viz., in the case of "a non-resident or absent defendant." As above shown, there are several cases in which publication may be made, viz., where the defendant "resides out of the state," or where he " has departed from the state," or where he "cannot, after diligence, be found in the state," or " where he conceals himself to avoid service of summons." It is only in the two first-mentioned cases that section 413 requires the order to direct the deposit in the post-office, and consequently it is only in such cases that the affidavit is required to state whether the defendant's residence is known to the affiant. It may very well be that the legislature considered it useless to require the deposit where the defendant was within

the state, but was concealing himself to avoid service of summons, or could not, after due diligence, be found. But whether there was any reason for the distinction or not, the cases in which the deposit is to be made are distinctly specified, and the court ought not to extend the requirements to other cases.

The affidavit in question brings the case within the "due diligence" clause, and was sufficient without the statement as to knowledge of the residence.

5. It is objected that the order states that the court went outside of the affidavit in determining whether a case for publication existed. This is based upon the following recital in the order: " Upon reading and filing the affidavit of M. A. Luce, and it satisfactorily appearing therefrom, and *from the files in the cause and other evidence produced and considered,*" etc. The argument is, that the code provides that the judge must be satisfied from the affidavit, and cannot be satisfied in any other way. But we have shown that the affidavit was sufficient, and the recital is, that the judge had read it and was satisfied "therefrom." This being so, it does not matter that the judge had additional sources of information. It would be straining the language to say that the recital meant that the court was not *entirely* satisfied from the affidavit, but that its satisfaction arose partially from the affidavit and partially from the other evidence. Certainly such a construction would not be given on a collateral attack.

We therefore advise that the judgment and order denying a new trial be affirmed.

FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.