EBENEZER B. WEST *vs.* ST. PAUL & NORTHERN PACIFIC RAILWAY COMPANY.

March 5, 1889.

**Tax Deed of Forfeited Land under Gen. St. 1866—Requisites.**—Where a tax deed of land forfeited to the state under Gen. St. 1866, *c.* 11, § 156, issued to a purchaser by the county auditor at private sale, fails to show by its recitals that the instructions of the state auditor for the sale of such lands were complied with, it is insufficient to establish a valid legal title to the land. *Bonham* v. *Weymouth*, 39 Minn. 92.

**Published Delinquent List — Insufficient Notice to Answer — Judgment held Void.**—And a certificate of sale upon a tax judgment entered in 1876, for taxes of 1875, where the record shows that the clerk's notice attached to the delinquent list, requiring all persons interested to file their answers, stating objections, etc., within "ten," instead of "twenty," days, as required by the existing statute, *held* void. Following *County of Stearns* v. *Smith*, 25 Minn. 131.

**Ejectment—Demand for Second Trial.**—A demand for a second trial in an action for the recovery of real property, in pursuance of Gen. St. 1878, *c.* 75, § 11, may be made by the party himself, and a notice embodying such demand, made in his name by an agent authorized by him to make such demand, if seasonably served, is sufficient.

Ejectment. Appeal by defendant from a judgment of the district court for Hennepin county, entered after a statutory second trial of the action before *Young*, J., and a jury.

*D. A. Secombe*, for appellant.

*Wilson & Lawrence,* for respondent.

VANDERBURGH, J. The defendant claims title under certain tax deeds.

1. The defendant, to sustain its claim of title to the lots in controversy, offered in evidence a certain tax deed executed by the auditor of Ramsey county, September 11, 1866, and issued to one Samuel S. Richardson, which contains the following recitals: "Whereas, the lands hereinafter described had become duly forfeited to the state of Minnesota for non-payment of taxes duly assessed thereon prior to the 1st day of June, 1865, and remained unsold and unredeemed on the second day of March, 1866; and whereas, said lands were not redeemed at any time prior to the first Monday of June, 1866, under the provisions of section 156 of the act relating to taxes approved March 2, 1866, or otherwise, and therefore became and were and still remain the absolute property of the state, and subject to disposal at public or private sale under the direction of the state auditor; and whereas, said auditor of state has determined and directed that the said lands, and all lands subject to the provisions of section 156 aforesaid, shall be sold at private sale for cash to the person making the highest offer therefor; and whereas, Samuel S. Richardson, of the county of Middlesex and state of Massachusetts, did, on the 11th day of September, 1866, offer to purchase said lands, and pay therefor the sum of two hundred and ninety and 73 hundredths dollars, which offer was accepted, that being the highest offer for said lands, and said sum was duly paid to the county treasurer of Ramsey county, and said Samuel S. Richardson thereupon became the purchaser of said lands, and entitled to a conveyance of the same."

The circular of instructions from the state auditor authorizing the sale of such lands in pursuance of section 156, above referred to, authorized and directed the disposal thereof "at private sale, for cash, to such persons as will pay the amount of taxes, interest, and charges due thereon, on the first Monday of June, 1866." There were also provisions for the consideration of special propositions to purchase, in respect to which special directions were to be given by the state auditor. This deed and the state auditor's instructions are the only evidence offered to prove title under the tax sale in question, and the

recitals in the deed do not show that such instructions were complied with by the county auditor in making the sale. It does not appear that the purchase price offered and paid was equal "to the amount of the taxes, interest, and charges due on the land." The evidence is insufficient to establish a valid title to the premises. The same question was determined in *Bonham* v. *Weymouth,* 39 Minn. 92, (38 N. W. Rep. 805.)

2. The defendant further sets up a claim of title under a tax certificate of sale upon a tax judgment entered in 1876 for the taxes of 1875. The record shows that the notice of the clerk attached to the copy delinquent list filed by him with the county auditor did not conform to the provisions of Laws 1874, *c.* 1, § 111, as amended by Laws 1875, *c.* 5, § 25, in that such notice required all persons interested in the lands listed to file their answers, stating their objections or defences, within "10" days, instead of 20 days, as required by the section referred to. The precise point was ruled upon in *County of Stearns* v. *Smith,* 25 Minn. 131. It was there held that the defect or error went to the jurisdiction, and was not an irregularity merely. That decision is a rule of property; and, if there was any doubt as to its being strictly correct, we should not be disposed to reconsider the matter at this late day.

3. This is the second trial of this action for the recovery of the premises, being procured on the demand and notice of plaintiff, after an adverse judgment upon the first trial, made and given under Gen. St. 1878, *c.* 75, § 11. This judgment was entered September 8, 1887, on which day written notice thereof was duly given to the plaintiff. The plaintiff was the defeated party, and the judgment stood as the final determination of the rights of the parties, as in other cases, unless it should be set aside on application to the court, or a new trial be obtained under the section of the statute referred to. The notice of the entry of the judgment was properly served on him, and he might act in person, and serve upon the opposite party or his attorney the proper demand for a new trial, and make payment of the costs, or he might retain another attorney in place of the one who acted for him before the judgment. No formal consent and substitution of attorneys was thereafter necessary, and the plaintiff was at

liberty to retain other attorneys to act for him, as he did do. *Berthold* v. *Fox*, 21 Minn. 51.

But it is objected that the written demand, though purporting to be signed by the plaintiff and his attorneys, was not actually subscribed by them. It was, however, shown that plaintiff's name was attached thereto, and the notice served in pursuance of his authority and direction, by a clerk in the law-office of his attorneys, who was also authorized to act for them and sign their names, and that plaintiff also ratified the proceedings. We are unable to see why the service and demand were not sufficient. The parties might delegate the authority to an agent or clerk to make and serve the written demand, and to sign their names to the paper, and it was not necessary that it should have been so signed in their presence. It is not like the case of a formal writ or contract. It was in the nature of a notice. It contained all that was necessary for the information of the opposite party. It was not necessary that it should be authenticated. But if the defendant was not satisfied of its genuineness, it could test the matter, as was done in this case, by motion to the court. There is no good reason why the rule should be held with more strictness in such cases than in the case of the service of an ordinary summons, in which the subscription of the signature of the party or his attorney may be delegated. It is enough that the notice was signed by plaintiff's authority. *Herrick* v. *Morrill*, 37 Minn. 250, (33 N. W. Rep. 849,) and cases cited; *Mezchen* v. *More*, 54 Wis. 214, 219, (11 N. W. Rep. 534.)

Judgment affirmed.