## E. O. HAGEN v. NELS O. GRESBY.

(L.R.A.—, —, 159 N. W. 3.)

**Summons — name of attorney — and address — printed on by typewriter — at his request — general custom of his office — not a nullity — sufficient compliance with statute.**

A summons is not a nullity on which the name of the attorney for the plaintiff, together with his address, is printed by his clerk on the typewriter at his request and instruction, and in accordance with a general custom of the office, and such signing is a sufficient compliance with § 8944 of the Compiled Laws of 1913, which provides that the summons "shall be subscribed by the plaintiff or his attorney, who must add to his signature his address, specifying a place within the state where there is a postoffice."

Opinion filed June 13, 1916.

Appeal from the County Court of Ward County, *Murray, J.*

Proceedings to set aside and declare null and void a judgment obtained by default. Judgment for defendant. Plaintiff appeals.

Reversed.

*F. B. Lambert,* for appellant.

If it is necessary, under our statute, for an attorney to write his name to a summons with pen and ink, it is just as necessary for him to so write his address thereon, for both are equal requisites under the law. Comp. Laws 1913, §§ 7421, 8944.

The object of our statutes upon this subject is to give to a defendant notice of the pendency of the action, and where the attorney's name and address are typewritten on the summons by his direction, this is a sufficient compliance with the law. Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381.

The term "signature" includes any name, mark, or sign, intended to and which does authenticate the instrument in writing. Comp. Laws 1913, § 10366.

"Writing" includes "printing" or "typewriting." Comp. Laws 1913, § 10367; Ligare v. California Southern R. Co. 76 Cal. 610; 18 Pac. 777; Hamilton v. State, 103 Ind. 96, 53 Am. Rep. 491, 2 N. E. 299; 1 Ops. Atty. Gen. 670; Ardery v. Smith, 35 Ind. App. 94, 73 N. E. 840; Herrick v. Morrill, 37 Minn. 250, 5 Am. St. Rep. 841, 33 N. W. 849; Henshaw v. Foster, 9 Pick. 312; Black's Law Dict.; Wild Cat Branch v. Ball, 45 Ind. 213; Davis v. Shields, 26 Wend. 341; Webster's New Int. Dict.; Mezchen v. More, 54 Wis. 214, 11 N. W. 534, 1 Am. Rul. Cas. 154, 157, note; Loughren v. Bonniwell, 125 Iowa, 518, 106 Am. St. Rep. 319, 101 N. W. 287; Cummings v. Landes, 140 Iowa, 80, 117 N. W. 22; Carton Toy Co. v. Buswell Lumber & Mfg. Co. 150 Wis. 341, 136 N. W. 147, and cases cited; Zacharie v. Franklin, 12 Pet. 161, 9 L. ed. 1035; Shank v. Butsch, 28 Ind. 19; Den. ex dem. Compton v. Mitton, 12 N. J. L. 70; Vines v. Clingfost, 21 Ark. 312; Hawkins v. Chase, 19 Pick. 504; Brown v. Butchers' & D. Bank, 6 Hill, 443, 41 Am. Dec. 755; Harvey v. Chicago & N. W. R. Co. 148 Wis. 391, 134 N. W. 839; Bennett v. Brumfitt, L. R. 3 C. P. 28, 37 L. J. C. P. N. S. 25, 17 L. T. N. S. 213, 16 Week. Rep. 131, Hopw. & P. 407; Berryman v. Childs, 98 Neb. 450, 153 N. W. 486; Dreutzer v. Smith, 56 Wis. 292,

14 N. W. 465; Horton v. Kelly, 40 Minn. 193, 41 N. W. 1031; Nye v. Lowry, 82 Ind. 316; Croy v. Busenbark, 72 Ind. 48.

The signature to a note by a rubber stamp is sufficient. Carroll v. Mitchell-Park Mfg. Co. 60 Tex. Civ. App. 263, 128 S. W. 446; Weston v. Myers, 33 Ill. 424; Grieb v. Cole, 60 Mich. 397, 1 Am. St. Rep. 533, 27 N. W. 579; Hamilton v. State, 103 Ind. 96, 53 Am. Rep. 491, 2 N. E. 299.

Defendant's application constituted a general appearance, and all the court had authority to do was to open up the case for trial on its merits. Comp. Laws, 1913, §§ 7438, 7485; Gans v. Beasley, 4 N. D. 140, 59 N. W. 714; Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095; Simensen v. Simensen, 13 N. D. 305, 100 N. W. 708; Burdette v. Corgan, 26 Kan. 102; Cohen v. Trowbridge, 6 Kan. 385; Raymond v. Nix, 5 Okla. 656, 49 Pac. 1110.

*Halvor L. Halvorson,* for respondent.

The signing and issuing of a summons in district court in this state means something more than the use of a stamp or sign. It imports individuality,—an act performed by the attorney. A summons is court process, and has an important office or function to fulfil. Comp. Laws 1913, § 11177; Mills v. Howland, 2 N. D. 30, 49 N. W. 413.

An appearance for a motion to vacate a void judgment, coupled with a request for permission to answer, does not amount to a general appearance. Simensen v. Simensen, 13 N. D. 305, 100 N. W. 708; Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095; Raymond v. Nix, 5 Okla. 656, 49 Pac. 1110.

BRUCE, J. This is an appeal from a judgment of the county court of Ward County, setting aside and declaring null and void a judgment entered and obtained by default. Two questions are presented: whether the summons to which the name of the plaintiff's attorney was printed with a typewriter, and which was not subscribed by said attorney in his own handwriting, was a nullity, and whether, if a nullity, the defendant entered a general appearance in his motion to set aside the judgment.

The summons was in the regular statutory form. At the bottom there was written in typewriting "F. B. Lambert, attorney for plaintiff, P. O. Address, Minot, North Dakota."

The order setting aside the judgment was as follows: "That said

judgment be opened up and vacated and set aside, and that all pro-ceedings had thereunder be likewise vacated, annulled, and set aside, and that said judgment is void, a nullity, and of no force or effect what-soever, the same having been entered by default in an action wherein no summons had been issued as provided by law."

On the hearing on this motion the plaintiff produced the affidavit of F. B. Lambert, his attorney, which, among other things, stated: "That both the summons and complaint in this action were properly subscribed by affiant in the usual and ordinary way; that the signature of affiant made to said summons and complaint was made in typewriting by Wade A. Beardsley, the clerk and associate of affiant, *at affiant's request and instruction;* and the same was adopted by this affiant as his signature, and acted upon as such, and was acted upon also by the defendant; that this affiant has been an active practitioner in this court and in all the courts of the state, both state and Federal, since April, 1896, and has never, during said twenty years, ever signed a summons with pen and ink; that, previous to that time, this affiant was employed as sten-ographer and clerk for the law firm of Messrs. McCumber & Bogart, at Wahpeton, North Dakota, for a number of years, and during all said time signed with a typewriter every single summons issued out of said office in the name of said firm of McCumber & Bogart; that in all pro-ceedings in the supreme court of this state the affiant has invariably caused his name to be signed by his then clerk or stenographer in affiant's name; that numerous judgments, both default and in contested cases, have been entered in this court and in the district courts of this state on summons signed in this way by the name of this affiant; that to open up the judgment entered in this case and allow the defendant to answer would be a great injustice to the plaintiff, not only in expense, but in time and delay."

The summons was not a nullity. Section 8944 of the Compiled Laws of 1913, provides that "the summons must contain the title of the action, specifying the court in which the action is brought, the name of the par-ties to the action, and shall be subscribed by the plaintiff or his attorney who must add to his signature his address, specifying a place within the state where there is a postoffice. The summons shall be substantially in the following form, the blanks being properly filled." This is the section which is applicable to procedure in the county court. The

requirements in regard to the summons, however, in the district court, are identically the same, save for the days given in which to answer. See §§ 7421, 7422, and 7423 of the Compiled Laws of 1913, and which, now, under the amendment made by chapter 62 of the Laws of 1915, are the same, even as to the days in which to answer.

Under all these statutes it is required that the summons "shall be subscribed by the plaintiff or his attorney, who must add to his signature his address." The question, therefore, is whether this statute is complied with when the name of the attorney is attached by his clerk at said attorney's request and instruction, and in accordance with a general custom which prevails in such office.

We can see much in the argument that the subscription should be made in the actual handwriting of the plaintiff or his attorney, and yet the general practice which prevails in this state, the injury to business and to land titles that would follow such a holding, as well as the wording of the several statutes, must lead us, as it has led practically all of the courts of the country that have passed upon the question, to a different conclusion.

Section 10,366 of the Compiled Laws of 1913 provides that "the term 'signature' [as used in the Penal Code] includes any name, mark or sign, written with intent to authenticate any instrument or writing;" while § 10,367 provides that "the term 'writing' including printing and typewriting." Forgery, therefore, can be committed of a printed signature as well as a written one, or by printing a signature as well as by writing it. In the case of Ligare v. California Southern R. Co. 76 Cal. 610, 18 Pac. 777, the court says: "It is said that the summons was not signed by the clerk. The statute requires that it should be so signed. (Code Civ. Proc. § 407.) But we think the affixing by the clerk of the seal of the court to a form to which was appended his printed name was an adoption of the printed signature which, for the purpose in hand, was sufficient."

In the case of Williams v. McDonald, 58 Cal. 529, the court says: "This is an appeal from a judgment and order denying a motion for a new trial in a street assessment case. The appellant Quackenbush presents three points for our consideration; viz., the resolution of intention was not signed by the clerk. Upon this point the testimony of the clerk of the board of supervisors was: 'I have adopted a form for

34 N. D.—23.

my signature; there is a printed signature adopted by me for all res-
olutions and orders. The name "John A. Russell" is, as you see, printed
at the bottom of the paper. I never actually signed it, but I adopted
the printed signature. I always kept blanks for resolutions in my office,
with my signature printed at the bottom for convenience.' He further
testified that when the resolution in question was adopted by the board,
he filled in the date and placed it in the proper place, and caused it to
be published in the proper papers. The act in question says, 'signed by
the clerk.' We see no objection to the clerk adopting a printed sig-
nature."

In the case of Hancock v. Bowman, 49 Cal. 413, the court held, with-
out discussion, "that a judgment was not void or erroneous because the
name of the plaintiff's attorney, attached to the complaint, was printed
instead of being written." See also Dreutzer v. Smith, 56 Wis. 292, 14
N. W. 465.

In the case of Hamilton v. State, 103 Ind. 96, 53 Am. Rep. 491, 2
N. E. 259, the court said: "Section 1669, Rev. Stat. 1881, provides
that after an indictment has been found by a grand jury 'it must be
signed by the prosecuting attorney;' and where an indictment is re-
turned without his signature, § 1670 makes it the duty of the court to
require the prosecuting attorney to sign it. Section 240 of the same
revision of statutes, which prescribes certain rules for the construction
of the statutes of this state, declares that 'the words "written" and in
"writing" shall include printing, lithographing, or other mode of rep-
resenting words and letters. But in all cases where the *written sig-
nature* of any person is required, the proper handwriting of such
person, or his mark, shall be intended.' The word 'sign' as a verb has
several shades of meaning, and hence a statutory requirement that an
instrument in writing or pleading shall be 'signed' by some person or
officer to make it complete is much more general and comprehensive
than a similar requirement that such an instrument or pleading must
be 'subscribed' by the person or officer. . . . On the same prin-
ciple the 'signing' of a written instrument or pleading by a person or
officer has a much broader and more extended meaning than attaching
his 'written signature' to it implies. When a person attaches his name,
or causes it to be attached, to a writing, by any of the known modes of
impressing his name upon paper with the intention of signing it, he is

regarded as having 'signed' the writing. . . . As the prosecuting attorney is required to sign the indictment as a matter of verification merely, there is no reason for enforcing a more rigid rule as to the validity of his signature than in cases of ordinary business transactions to which the authorities above cited mainly have reference. . . . If, therefore, the name of the prosecuting attorney is legibly attached to an indictment by his consent, whether express or implied, it is a sufficient 'signing' by him, within the meaning of the statute, and when the name of the prosecuting attorney is found appended to an indictment, the presumption is that it was so appended by his authority."

In the case of Mezchen v. More, 54 Wis. 214, 11 N. W. 534 the court said: "The learned circuit court held the proceedings were void because the summons in the action was not subscribed in the handwriting of the attorney who issued the same. The statute, §§ 2629, 2630, Rev. Stat. provides that a civil action shall be commenced by the service of a summons, and after describing what it shall contain, says: 'It shall be subscribed by the plaintiff or his attorney, with the addition of his postoffice address, at which papers in the action may be served on him by mail.' It is insisted by the learned counsel for the respondent, and was held by the circuit court, that this provision of the statute requires the summons to be subscribed by the party or his attorney in his own proper handwriting, and that if not so signed, it is absolutely void. We think the learned counsel and the court erred in giving the statute this restricted construction. The summons is not a writ or process of the court, but is simply a notice to the defendant that an action has been commenced against him, and that he is required to answer to the complaint, which is either attached thereto or is or will be filed in the proper clerk's office. Porter v. Vandercook, 11 Wis. 70; Rahn v. Gunnison, 12 Wis. 529; Johnston v. Hamburger, 13 Wis. 176. It is substantially the same method of commencing an action which was long practised in the state of New York before the adoption of the Code; viz., by filing a declaration with the clerk of the court in which the action was commenced, and entering a rule requiring him to plead, and then serving upon the defendant a copy of the complaint and a notice of such rule. The summons is, in fact, a notice to the defendant that an action is commenced against him, and that he must answer the complaint within a certain time or judgment will be taken

against him.   The only object of requiring it to show the name of the attorney or party who commences the action, and his postoffice address, is that the defendant may know upon whom and at what place he may serve his answer and other papers in the action.   'That this is the object is apparent from the fact that the same section provides that the summons shall state the title of the cause, the court in which the action is brought, the county where the action is to be tried, and the names of the parties.'   These facts give the defendant all the knowledge necessary to enable him to plead to the action, except the knowledge of the person upon whom and the place where his answer and other papers must be served.   This object is certainly as well accomplished when the name of the party or attorney is printed at the end of the summons as when it is written there; and unless the statute is imperative in requiring the signature in the handwriting of the attorney or party, there does not appear to be any reason for giving it that construction."

We are not unmindful of the statement made by this court in the case of Mills v. Howland, 2 N. D. 30, 49 N. W. 413, that "a signature means a person's name as set down by himself."   In that case, however, no question was raised as to how the signature should be made.

Nor are we unmindful of the force of the argument that such signatures, if authorized in the case before us, might be inoperative as a justification for the payment of checks by banks.   We have no question, however, that if a depositor authorized his name to be signed to a check by a clerk on a typewriter, a bank would be protected in paying the same when so signed.   We do not, however, pass upon this question, nor is it necessary.   Deeds and checks differ from summonses.   A deed or a check serves to convey or assign property.   A summons does not.   A summons is merely a notice.   It conveys nothing.   It is merely a notice that, at a certain time and place, a judgment will be asked of a court against the defendant.   If the defendant is properly informed of such hearing and has an opportunity to attend, why should he complain of the nature of the signature?   Mezchen v. More, supra.

Nor does the fact that the statute of North Dakota uses the word "signature" as well as the word "subscribed" make any difference.   The word "subscribed" is more restricted than the word "signature." The word "signature" in its origin involves merely a sign.   The word "subscribed" involves a writing.   If, therefore, we construe the word

"subscribed" to include a writing by means of a typewriter as well as by the pen, we decide the whole case. The distinction, indeed, is clearly between a statute which provides that a notice shall be signed or subscribed, and one which provides that it shall be subscribed in the personal handwriting of the party, in person. Hamilton v. State, 103 Ind. 96, 53 Am. Rep. 491, 2 N. E. 259.

We are not unmindful of § 7311 of the Compiled Laws of 1913, which provides that the words "write" and "written" include "printing" and "printed" except in the case of signatures, and when the words are used in the way of contrast to printing, and on which emphasis is laid by counsel for respondent. We do not see, however, that this statute is controlling in the case before us. The words "write" and "written" are not used in § 8944, which relates to summonses. All that that section provides is that the summons "shall be subscribed by the plaintiff or his attorney, who must add to the signature his address." See Hamilton v. State, supra. The section clearly only applies where a signature is required to be in writing.

The judgment of the County Court is reversed and the cause is remanded for further proceedings according to law.